### PARTITION FENCES.

Circuit Court of Portage County.

JOHN H. NICHOLS v. H. J. TURNER ET AL.

Decided, October Term, 1907.

*Construction of the New Law—Relating to Partition Fences—Enclosed and Unenclosed Lands now under the Same Rule—Section 4239 as Amended—Constitutional Law.*

Under the act of April 18, 1904, owners of adjoining lands are required to build and maintain in good repair all partition fences between them in equal shares, unless otherwise agreed upon between them in writing, although such lands may not be enclosed with fences.

COOK, J.; BURROWS, J., and LAUBIE, J., concur.

This action is upon appeal and is for the purpose of obtaining an injunction to restrain the Turners and the board of township trustees from requiring plaintiff to build and maintain a partition fence between the lands of plaintiff and defendants Turners.

The evidence shows that at one time there was a partition fence between these lands, now owned by plaintiff and the Turners, but that it had gone into decay and is now entirely worthless as a fence; that the land of plaintiff is practically unenclosed; that no stock of any consequence has been kept upon the farm for several years; that while a tenant has been upon the farm, yet he had only a horse, a cow or two, and a couple of hogs, which were kept in an enclosure about the house.

The evidence further shows that about ten years ago plaintiff gave notice to the then owner of the Turner farm, under

Section 4241, Revised Statutes, that he would remove his part of the fence between their farms, as he had no further use for it, he intending to abandon all fences upon his farm.

There is no claim but what the proceedings before the township board of trustees was in all particulars regular.

Under these circumstances plaintiff claims that he should not be required to build and keep in repair any part of the fence between his farm and that of Turners for three reasons:

First. That his land is unenclosed.

Second. That he gave due notice that he would remove his part of the partition fence, and would not longer continue to keep any part of it in repair.

Third. The act under which the proceeding was had before the township trustees is unconstitutional.

As to the first and second claims, it will be observed that the act of April 18th, 1904 (97 Vol. Ohio Laws, page 138), made a radical change in the fence laws of the state. Previously the law provided (Revised Statutes, Section 4240) that:

"The owner or lessees for one or more years of lands enclosed with fences should keep up and maintain in good repair all partition fences between their own and the next adjoining enclosures in equal shares so long as both parties continue to occupy and improve the same."

By Section 4241 it was provided:

"When the enclosures of two or more persons are divided by a partition fence of any kind and either of the parties think proper to vacate his part of such enclosure, or to make a lane or passage between such adjoining enclosures, such person may remove his share or part of such partition fence, on giving six months notice in writing of such intention to the party owning or occupying the adjoining enclosure, or his agent if such party is a non-resident of the county."

By the act of April 18th, 1904, both of these sections are repealed and, so far as the question here involved, Section 4239, as amended, took their place.

That section now provides:

"That the owners of adjoining lands shall build, keep up and maintain in good repair all partition fences between them

in equal shares, unless otherwise agreed upon between them, which agreement must be in writing and witnessed by two persons."

The evident intent and purpose of the Legislature by the new law was to require all owners of adjoining lands, whether enclosed or not, to make and maintain one-half of the fences between them. This is especially apparent from the fact that the law now applies to the owners of the land alone—lessees being eliminated, and the further fact that in order to be relieved from the requirements of the statute there must be an agreement in writing, signed by the adjacent owners in the presence of two witnesses, so that there may not be any misunderstanding as to the liability of the parties. Further, the repeal of Section 4241, taking away the power of either party to remove his part of the fence is important as tending to show that enclosure or non-enclosure should thereafter not have any effect and that thereafter there should be no "devils" lanes. Whether this material change in the law is salutary or not it is not for us to inquire. Its tendency no doubt will be to keep down controversies and litigation between neighbors, as they will now know precisely what their exact rights and liabilities are. The changing of the law so that it applies to all owners will have very little effect, as there is now very little unimproved land in this state, and no doubt that had some effect in prompting the change

As to the third claim of plaintiff, we do not see how the change in any manner affects the statute as to its constitutionality, and as the fence law, substantially the same in its provisions, has been incorporated in our law for nearly eighty years and has been before our Supreme Court time and time again without any question being made as to its constitutionality, and further, as the counsel for plaintiff does not show us in what respect it is unconstitutional, we leave that matter without further comment.

Judgment for defendants dismissing the petition of plaintiff at his costs.

*Nichols & Cole*, for plaintiff.

*Maxsom & Wolcott*, contra.